SPENCE, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*March 17—April 11, 1916.*

*Street railways: Automobiles: Collision: Contributory negligence: Directed verdict.*

In an action for personal injuries sustained when plaintiff's electric automobile was struck by a car while crossing the tracks of a street railway, it is *held*, upon the evidence, that the trial court was not clearly wrong in directing a verdict for defendant on the ground that plaintiff was conclusively shown to have been guilty of contributory negligence in failing to see and avoid the approaching car.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover for a personal injury on the ground of negligence. Defendant put in issue the claim of negligence and pleaded contributory negligence of plaintiff.

It was undisputed that one of defendant's street cars collided with an electric automobile, while being operated by plaintiff, whereby she was injured. That happened July 13, 1914, in the daytime. Plaintiff was alone in the automobile. She was perfectly familiar with the situation. She was proceeding in a northerly direction on Hackett avenue in the city of Milwaukee, purposing to cross Folsom place on which defendant operated a double-track electric street railway system. The south track was for cars going east, and the north one for those going west. The accident happened as the automobile entered the north track.

The evidence showed that when plaintiff reached a point about eighty feet south of the south track and thereafter up to the time of the collision, unless interfered with by a car going east on the south track, she could have seen a car approaching on the north track for a distance east of a block and a half; that just before she reached that point when she could not see

so far east by reason of the view being obstructed by a building on her right, she looked east and did not see any car; that she did not look again until she was within a few feet of the south track when she said she took a glance to the east and did not see any car; that about as she reached the point eighty feet from the south track, a car going east thereon passed over the crossing.    There was much evidence as to where the car going east and the one which did the damage passed each other, to the effect that it was about half a block east of the crossing.

At the close of the evidence a verdict was directed in defendant's favor upon the ground that plaintiff was conclusively shown to have been guilty of contributory negligence. Judgment was rendered accordingly and plaintiff appealed.

For the appellant there was a brief by *Doe, Ballhorn, Wilkie & Doe,* and oral argument by *J. B. Doe* and *H. M. Wilkie.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *James D. Shaw.*

MARSHALL, J.    Counsel for appellant recognize the rule precluding the judgment complained of from being disturbed unless the trial judge was clearly wrong in holding that when she approached the street-car tracks and was where she could easily have seen the west-bound car in time to avoid going into the zone of danger, she failed to see it and avoid the danger, and that such rule must be applied, presuming that the judge possessed superior advantages for understanding the situation dealt with to those afforded by reading the record of the trial; but it is contended that there is room in the evidence for reasonable conflicting views as to whether appellant had an opportunity to see the coming car after she arrived at a point fifteen feet or so from the south track or for some little time theretofore or in time to avoid the danger.

Counsel appear to base the contention indicated upon the theory that there was evidence warranting reasonable belief

that when appellant last looked east for a coming car and for some little time before, including while she was passing over the space where she could have slackened the speed of her car or stopped it so as to have avoided the danger, the west-bound car was obscured from her view by the car going east, especially in view of her evidence that she looked east on the north track when near the south track and did not see any car, and that such evidence must have been overlooked or due weight not accorded thereto.

The trouble with counsel's contention is twofold: first, appellant does not seem, from her evidence, to have looked east for any car that might be coming on the north track when she reached its vicinity with any reasonable degree of care,—she testified that she glanced to the east; second, had she testified, positively, that she looked for a coming car when she was at the point where she said she glanced east and none was in sight, that would not have created a conflict for jury interference if a physical situation existed showing that the car must have been then in plain sight.   The trial court evidently was of the opinion that the evidence conclusively established the existence of such a situation and, therefore, that either appellant did not look east at all when she reached the vicinity of the track, or did not look with any reasonable degree of care and, in that, we are unable to conclude that error was clearly committed.

From the time the east-bound car passed over the crossing before appellant reached the point where it is claimed that she looked east and the pretty clear evidence, which harmonizes therewith, that the two cars passed each other at a distance of about half a block from the crossing, the conclusion was evidently reached that there must have been afforded a clear view of the north track for some 120 feet east, when she was at and just before she reached the point where she said she glanced east and did not see any coming car.

It may be the trial judge placed the distance appellant had

a clear view of the north track to the east rather large; but we cannot see our way clear to decide that he was clearly wrong in the idea that the east-bound car ceased to interfere with appellant's seeing the coming car in ample time for her to have avoided invading its pathway, had she looked in the direction of such car when she was fifteen feet or so south of the south track or when she had time to avoid the danger.   Furthermore it seems quite conclusive that appellant had ample opportunity for seeing the coming car before her view was interfered with by the east-bound car and ought to have done so.   Having seen a car pass over the crossing when she was some eighty feet therefrom, and further attention to whether a car was approaching on the south track rendered unnecessary, ordinary prudence required her to look east for any car which might be coming on the north track when she had a clear view in that direction for a block and a half and not wait until there was danger of such a car being obscured from her view by the east-bound car.

We have said more than is needful in giving our reasons why we have been unable to reach the conclusion that the decision complained of is clearly wrong; but counsel for appellant presented the matter with such confidence as to seem to merit such response as is here made.   The case from all the viewpoints counsel have suggested has been carefully considered resulting in the conviction that the judgment should be affirmed.

*By the Court.*—The judgment is affirmed.